THIS was an action of debt at the suit of the firm of Cake, Boulden Co. on his official recognizance as sheriff of the county, against Abraham Cannon and his sureties. The plaintiffs had recovered a judgment in this court against Enoch J. Fleming for $509.35, on which a writ of fieri facias had been issued to Cannon as sheriff, to which a return of nulla bona had been made by him, and which the plaintiffs alleged and contended was untrue. The action was therefore for a false return made by him to the writ. There were various pleas filed to the declaration in the action, among which the fifth was that the plaintiffs were estopped from alleging that there were then and there such goods and chattels of the said Enoch J. Fleming in the bailiwick of the said sheriff, because the plaintiffs at the return term of the said writ of fierifacias, by their counsel, James R. Booth Esquire, moved for and obtained the leave of the court to amend the return of the said writ and which said return was then and *Page 429 
there amended by the said sheriff at the instance of the said plaintiffs by adding thereto the words, "and levied on lands and tenements as per description annexed;" and that the said plaintiffs afterward caused to be issued out of the said court on the said judgment, a certain writ of venditioni exponas, to wit, number 98 to the November Term, A. D. 1861, by virtue of which the said sheriff sold the said lands and tenements and that thereby the said plaintiffs accepted the said return of the said sheriff to said writ of fieri facias and admitted the truth of the same as so made by him as aforesaid: whilst the sixth plea was as follows, that by the acceptance of the said return to the said execution and by the subsequent proceedings thereon as in the last plea mentioned, the said plaintiffs waived all claims or proceedings against the said sheriff for or on account of the same. The seventh plea was that the sheriff had used and exercised all due and reasonable care and diligence in searching for goods and chattels of the said defendant in the said writ of fi. fa. and could find none. Issue had been joined upon these and the other pleas.
The plaintiffs proved that the writ in question was issued and went into the hands of the sheriff on the 30th of June, 1860, and at that time Fleming, the defendant in it, was in possession of personal property at his farm in Appoquinimink Hundred, consisting of horses, cattle, wagons, farming utensils, household furniture and a crop of corn growing on it, to the value of six or seven hundred dollars.
The defendants prove by the deputy of the sheriff for the hundred, that the writ was put in his hands for execution the last of July or the first of August following, and that he went as soon as he received it, to the defendant's house on his farm to levy upon his property, but when he informed him of it, he replied that he was too late, for he had sold all his personal property to Augustine Mailley, who was then there, and as he knew both of them to be upright and honest men and had never *Page 430 
known Fleming to act fraudulently in any transaction, he made no further inquiry about his property, but informed the sheriff of what he had here stated and returned the writ to him; and that Mailley at that time claimed to own all the personal property there. That Fleming also told him at the same time that he had sold his land, but would not tell him to whom he had sold it. The defendants further proved that four or five weeks before the return of the writ the sheriff had notified the counsel of the plaintiffs of the information which he had received from his deputy that Fleming had sold all his personal property and had no goods, when he directed him to tell the deputy to look again, which he did, and received a further reply from him that there were none, and when the counsel was afterward informed by the sheriff of his deputy's second report that there were no goods, he expressed surprise that the writ had not been levied on the lands of the defendant, and that it was at his instance that the writ was so amended after the return of it. The rough docket of the Prothonotary at the return term of the writ containing an entry made by him of a motion made by the counsel of the plaintiffs for the leave of the court to amend his return upon it, was also in evidence, by which it appeared that leave was granted to amend by adding, "and levied on lands," and which was accordingly done by him.